IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51607
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD WILLIAM WHITE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-96-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:*

Clifford William White appeals his conviction on one count of possession of matter containing visual depictions of minors engaging in sexually explicit conduct  and on one count of producing visual depictions of minors engaging in sexually explicit conduct.  White, who entered a conditional guilty plea, contends that the district court erred in denying his motion to suppress.  The district court determined that law enforcement officers executing the search warrant had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conducted a reasonable search and had acted in objectively reasonable good-faith reliance on a search warrant issued by a neutral magistrate.

This court's review of the district court's denial of a motion to suppress evidence obtained pursuant to a warrant consists of two steps: "(1) whether the good-faith exception to the exclusionary rule applies; and (2) whether probable cause supported the warrant." United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992). If the good faith-exception applies, and there is no "novel question of law whose resolution is necessary to guide future action by law enforcement officers and magistrates," the probable cause issue need not be addressed. Id.

White contends that the affidavit supporting the search warrant did not state with specificity those facts needed to establish probable cause that he had taken pornographic photographs of children or to establish probable cause that his computer contained child pornography. Here, however, the affidavit, which was based on information supplied by an 11-year-old child, made clear that the child's statements about White's possession of photographs that constituted child pornography, and White's storage of such photographs on his computer, were based on his own observations. "[A]n informant's tip is buttressed by the fact that it is based on his own personal observation rather than on hearsay." United States v. Reyes, 792 F.2d 536, 539 (5th Cir. 1986).

White argues that the affidavit, which was drafted by David Trujillo, an investigator with the Ector County Sheriff's Office, omitted facts, known to certain law enforcement officers, that tended to undermine the credibility of the child. "Absent evidence of an intentional material misrepresentation or omission in the affidavit, the warrant will not be invalidated." United States v. McCarty, 36 F.3d 1349, 1356 (5th Cir. 1994) (citation omitted). White has made no attempt to show that the district court erred in its determination that the affiant, Trujillo, was unaware of facts that raised a concern regarding the child's credibility.

2

White also contends that the information contained in the affidavit, which contains no dates, was stale. Our review of the affidavit shows that several of its statements, which are based on information provided by the child during an interview, are in the present tense and describe ongoing possession of child pornography. The omission of dates is not a fatal oversight. See United States v. Thomas, 973 F.2d 1152, 1157 (5th Cir. 1992).

In view of the statements contained in the affidavit, it cannot be said that the search warrant was based on an affidavit that is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." See United States v. Cherna, 184 F.3d 403, 407-08 (5th Cir. 1999) (internal quotation marks and citations omitted). White has not shown that the district court erred in applying the good faith exception. See id.

The judgment of the district court is AFFIRMED.